MERRITT, Circuit Judge,
concurring.
Due to the technical nature of the facts and law presented in this ERISA appeal, I write separately in hopes of providing added clarification. Under ERISA case law, a court must defer to the claims decision of a health insurer when the insurance policy gives the insurer authority to determine if the insured is eligible for benefits. Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 111, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008). This is so notwithstanding the insurer’s inherent conflict of interest: the insurer saves money if it denies the claim. Id. at 112-16, 128 S.Ct. 2343. This case asks whether an insurer’s decision to deny a claim loses the benefit of deferential review when that decision was supported by the recommendation of a neutral arbitrator during an external administrative appeal permitted by the policy. We hold that it does not. A contrary holding would afford less deference to the conflicted decisions of insurers when a neutral arbitrator reaches the same conclusion. Such a result would be absurd — and certainly is not mandated by ERISA or its interpreting case law. The meaning of this reasoning for this case is that we may only overturn Medical Mutual’s denial of Solomon’s claim if Medical Mutual acted arbitrarily and capriciously. It did not, so we affirm.
Solomon submitted a claim to Medical Mutual for approximately $40,000 for the two months she stayed at the Hanley Center for drug-addiction treatment. Medical Mutual denied her claim in its entirety. It explained that her treatment was not “medically necessary,” as required by her policy. Solomon then filed an external appeal, which, under state law, was sub *795 mitted to a randomly selected, neutral arbitrator — a so-called “independent review organization.” See Ohio Rev.Code Ann. § 3923.67(A), (D); id § 3901.80(C) (providing for random selection). Solomon’s policy expressly provided for this external appeal process. The neutral reviewer, Dr. Edward Lukawski, concluded that only the first two days of Solomon’s stay at Hanley were medically necessary as inpatient care, the only kind of drug treatment covered by Hanley’s policy. Relying upon Dr. Lukawski’s conclusion, Medical Mutual denied Solomon’s claim for all but her first two days.
Solomon’s primary argument on appeal to this Court is that we should not review Medical Mutual’s denial of the bulk of her claim under the deferential arbitrary-and-capricious standard because it was effectively Dr. Lukawski, and not Medical Mutual, who made the decision, and deference to external reviewers is not appropriate. She cites two cases, Sanford v. Harvard Industries, Inc., 262 F.3d 590 (6th Cir. 2001), and Wintermute v. Guardian, 524 F.Supp.2d 954 (S.D.Ohio 2007), which the majority opinion properly distinguishes as holding that deference is improper when the decisionmaker was completely unauthorized by the policy — not that deference is improper when an external reviewer plays any role in forming the claims decision. Aside from her lack of authority, Solomon’s argument is unpersuasive because the fact that a neutral expert came to the same conclusion as the insurer should make us more likely, not less likely, to defer to the insurer’s determination. Thus, we review the denial under the arbitrary-and-capricious standard.
Under this standard, Solomon’s case quickly falls apart. Nowhere in her briefs does Solomon argue that her stay at Hanley was medically necessary as inpatient care. The only drug treatment that her policy covers is medically necessary inpatient care. Accordingly, Medical Mutual’s decision to deny all but the first two days of her claim for this reason was not arbitrary and capricious.[3]
Finally, Solomon appeals a collateral claim regarding the rate at which Medical Mutual reimbursed her for her outpatient treatment. As with Solomon’s primary claim, I agree with the majority opinion’s reasoning and disposition of that issue.

. Medical Mutual also gives two independent reasons why it believes its decision to deny Solomon’s claim was not arbitrary and capricious: (1) Solomon did not obtain preapproval, as required by her policy, before seeking treatment at Hanley; and (2) Hanley provided "residential treatment,” which Solomon's policy never covers, rather than "inpatient treatment,” which her policy covers only when medically necessary. Although the majority opinion agrees with Medical Mutual's second argument, we need not agree with either argument to affirm, because Solomon’s lack of medical necessity alone is dispositive.